United States District Court
Southern District of Texas
**ENTERED**
July 07, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRON THUNDERHORSE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1352 |
| | § | |
| TIMOTHY JONES, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Iron Thunderhorse, proceeding *pro se* and *in forma pauperis*, filed an amended section 1983 complaint against Texas Department of Criminal Justice ("TDCJ") employees Michael E. Rutledge, Timothy Jones, Cynthia Lowry, Thomas Lowe, and Loretta Mitchell for alleged violations of his constitutional and other federal rights. Because plaintiff's claims were vague, factually unsupported, and potentially barred by his other lawsuits, the Court ordered plaintiff on April 20, 2020, to file a More Definite Statement ("MDS") of the specific facts and claims underlying this lawsuit.

Plaintiff did not answer the Court's MDS. Instead, on June 21, 2020, he filed a 100-page "Advisory." (Docket Entry No. 14.) In the Advisory, plaintiff stated that visual impairments hampered his ability to comply with the Court's MDS, and that he was submitting the Advisory with a Second Amended Complaint and exhibits "to clarify what has happened." *Id.*, p. 14-1, p. 1.

In the interest of justice and fairness, the Court has reviewed plaintiff's Advisory and finds that it is an unorganized collection of numerous typewritten and handwritten letters and a proposed Second Amended Complaint that do not provide the information requested by the Court. Although the Court does not question plaintiff's visual limitations, it notes that the Advisory includes the ten-page, single-spaced Second Amended Complaint dated June 20, 2020, as prepared and typed by plaintiff. (Docket Entry No. 14-1, pp. 2–11.) It also includes numerous letters he typed and sent to prison officials over the past three months, including letters he typed in early May 2020. *See*, *e.g.*, Docket Entry No. 14-2, pp. 2–9, dated May 3–6, 2020. As plaintiff was able to prepare, type, and send those documents, his failure to answer the Court's MDS during that same time frame cannot be excused.

Having considered the Advisory, the record, and the applicable law, the Court **DISMISSES IN PART** and **TRANSFERS IN PART** plaintiff's claims raised in his Second Amended Complaint, and **ORDERS** this case closed as explained below.

## I.  SECOND AMENDED COMPLAINT

Plaintiff's proposed Second Amended Complaint (Docket Entry No. 14-1, pp. 2–11) is **ORDERED FILED**. Plaintiff names the following TDCJ employees as defendants in the Second Amended Complaint: Timothy Jones, Cynthia Lowry, Chaplain Woods (Stiles Unit), and Chaplain Guy (Polunsky Unit). He seeks injunctive relief, a declaratory judgment, and punitive damages for alleged violations of the First

and Fourteenth Amendments, RLUIPA, the ADA, "Articles on International Law of Treaties," and the "United Nations Declaration on the Rights of Indigenous Peoples."

The Court will not construe the additional Advisory exhibits as part of plaintiff's Second Amended Complaint, as it would require this Court to comb through plaintiff's voluminous exhibits and improperly speculate as to what additional claims, if any, plaintiff may have intended to raise and what facts may support any particular claim. Plaintiff made mention of the exhibits only in general terms as "all those documents he submi[tt]ed" to prison officials. (Docket Entry No. 14-1, p. 9.) The exhibits are not individually numbered, and plaintiff makes no reference to any particular exhibit within his Second Amended Complaint. More importantly, plaintiff proffers no correlation between the specific information sought in the Court's MDS and his extensive Advisory, and the Court will not attempt that task for him.

Therefore, the Court declines to accept plaintiff's Advisory as a substitute for the specific information requested by the MDS. The Court will consider only those claims and factual allegations expressly pleaded within plaintiff's Second Amended Complaint (Docket Entry No. 14-1, pp. 2–11).

## II. SEVERANCE AND TRANSFER OF CLAIMS

A. <u>Defendant Woods/Stiles Unit</u>

Defendant Chaplain Woods is employed by the TDCJ at the Stiles Unit, and plaintiff's claims against defendant Woods arose at the Stiles Unit. The Stiles Unit is located in Beaumont, Jefferson County, Texas. Jefferson County is located within the

jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division.  In the interest of justice and for the convenience of the parties and witnesses, plaintiff's claims against Chaplain Woods are **ORDERED SEVERED** from this lawsuit and **TRANSFERRED** to the Beaumont Division.  28 U.S.C. §§ 1391(b), 1404(a).

Defendant also raises claims for events occurring at the Stiles Unit not expressly related to Chaplain Woods.  Plaintiff's claims arising at the Stiles Unit are **ORDERED SEVERED** from this lawsuit and **TRANSFERRED** to the Eastern District of Texas, Beaumont Division.  28 U.S.C. §§ 1391(b), 1404(a).

B.     Defendant Guy/Polunsky Unit

Defendant Chaplain Guy is employed by the TDCJ at the Polunsky Unit, and plaintiff's claims against defendant Guy arose at the Polunsky Unit.  The Polunsky Unit is located in Livingston, Polk County, Texas.  Polk County is located within the jurisdiction of the United States District Court for the Eastern District of Texas, Lufkin Division.  In the interest of justice and for the convenience of the parties and witnesses, plaintiff's claims against Chaplain Guy are **ORDERED SEVERED** from this lawsuit and **TRANSFERRED** to the Lufkin Division.  28 U.S.C. §§ 1391(b), 1404(a).

Defendant also raises claims for events occurring at the Polunsky Unit not expressly related to Chaplain Guy.  He further seeks injunctive relief as to events and practices arising at the Polunsky Unit.  Plaintiff's claims arising at the Polunsky Unit and his request for injunctive relief as to the Polunsky Unit are **ORDERED SEVERED**

from this lawsuit and **TRANSFERRED** to the Eastern District of Texas, Lufkin Division. 28 U.S.C. §§ 1391(b), 1404(a).

    C.    <u>Injunctive Relief</u>

Plaintiff further seeks temporary and permanent injunctive relief as to the alleged violations of his constitutional rights and his rights under RLUIPA, the ADA, "'Articles on International Law of Treaties" and the "United Nations Declaration on the Rights of Indigenous Peoples." No particular defendant is named as to these claims.

The granting of injunctive relief as to plaintiff's claims would involve adjudication of his constitutional and other federal rights in context of his current incarceration at the Polunsky Unit. It would further require that certain conduct and actions be taken or avoided by TDCJ employees and officials as to his confinement at the Polunsky Unit. Accordingly, plaintiff's general claims for injunctive relief as to his constitutional and other federal rights are **ORDERED SEVERED** from this lawsuit and **TRANSFERRED** to the Eastern District of Texas, Lufkin Division. 28 U.S.C. §§ 1391(b), 1404(a).

### III.  DISMISSAL OF CLAIMS

    A.    <u>Michael E. Rutledge</u>

Plaintiff states that his claims against defendant Michael E. Rutledge are now moot, and Rutledge is not named as a defendant in the Second Amended Complaint. (Docket Entry No. 14-1, p. 5.) Accordingly, plaintiff's claims against Michael E. Rutledge are **DISMISSED WITHOUT PREJUDICE**.

B.    <u>Thomas Lowe and Loretta Mitchell</u>

Plaintiff no longer names Thomas Lowe and Loretta Mitchell as defendants in the Second Amended Complaint. Accordingly, plaintiff's claims against Thomas Lowe and Loretta Mitchell are **DISMISSED WITHOUT PREJUDICE**.

C.    <u>Conspiracy</u>

Plaintiff claims that the defendants conspired among themselves and with other unnamed TDCJ employees to violate his constitutional and federal statutory rights.

The Court ordered plaintiff to file a MDS of the factual allegations supporting his claims for conspiracy as to defendants Timothy Jones and Cynthia Lowry, and to identify their unnamed co-conspirators. (Docket Entry No. 11, Question 3.) Plaintiff did not answer the Court's MDS, and instead filed his 100-page Advisory. Because plaintiff's Second Amended Complaint does not plead factual allegations sufficient to raise a viable claim for conspiracy as to any of the defendants, and plaintiff failed to answer the Court's MDS as to specific conspiracy claims and co-conspirators, plaintiff has not pleaded factual allegations sufficient to support a conspiracy claim.

Accordingly, plaintiff's claims of conspiracy are **DISMISSED WITHOUT PREJUDICE**.

D.    <u>Defendant Timothy Jones</u>

Defendant names TDCJ Chaplaincy Director Timothy Jones as a defendant in his individual, official, and supervisory capacity. The Court ordered plaintiff to file a MDS

as to his claims and factual allegations supporting his claims against Jones, as well as the specific relief being sought against him. Plaintiff did not answer the Court's MDS.

Plaintiff's Second Amended Complaint does not plead specific factual allegations sufficient to raise a viable claim for relief against Jones, and plaintiff failed to answer the Court's MDS as to the factual bases for his claims against him. Despite ample opportunity, plaintiff has pleaded no factual allegations sufficient to support a viable section 1983 claim against Jones. His claims against defendant Timothy Jones, to the extent not otherwise severed and transferred herein above, are **DISMISSED WITHOUT PREJUDICE**.

    E.    <u>Defendant Cynthia Lowry</u>

Defendant names Regional TDCJ Chaplaincy Director Cynthia Lowry as a defendant in her individual, official, and supervisory capacity. The Court ordered plaintiff to file a MDS as to the claims and factual allegations supporting his claims against Lowry, as well as the specific relief being sought against her. Plaintiff did not answer the Court's MDS.

Plaintiff's Second Amended Complaint does not plead specific factual allegations sufficient to raise a viable claim for relief against Lowry, and plaintiff failed to answer the Court's MDS as to the factual bases for his claims against her. Despite ample opportunity, plaintiff has pleaded no factual allegations sufficient to support a viable section 1983 claim against Lowry. His claims against defendant Cynthia Lowry, to the

extent not otherwise severed and transferred herein above, are **DISMISSED WITHOUT PREJUDICE**.

## IV. CONCLUSION

The Court **ORDERS** as follows:

1. Plaintiff's Second Amended Complaint (Docket Entry No. 14-1, pp. 2–11) is **ORDERED FILED AND DOCKETED**.

2. Plaintiff's claims against Chaplain Woods are **ORDERED SEVERED** from this lawsuit and **TRANSFERRED** to the Eastern District of Texas, Beaumont Division.

3. Plaintiff's claims arising at the Stiles Unit are **ORDERED SEVERED** from this lawsuit and **TRANSFERRED** to the Eastern District of Texas, Beaumont Division.

4. Plaintiff's claims against Chaplain Guy are **ORDERED SEVERED** from this lawsuit and **TRANSFERRED** to the Eastern District of Texas, Lufkin Division.

5. Plaintiff's claims arising at the Polunsky Unit and his request for injunctive relief as to the Polunsky Unit are **ORDERED SEVERED** from this lawsuit and **TRANSFERRED** to the Eastern District of Texas, Lufkin Division.

6. Plaintiff's claims against Michael E. Rutledge are **DISMISSED WITHOUT PREJUDICE**.

7. Plaintiff's claims against Thomas Lowe and Loretta Mitchell are **DISMISSED WITHOUT PREJUDICE**.

8. Plaintiff's claims of conspiracy are **DISMISSED WITHOUT PREJUDICE**.

9. Plaintiff's claims against Timothy Jones, not otherwise severed and transferred herein above, are **DISMISSED WITHOUT PREJUDICE**.

10. Plaintiff's claims against Cynthia Lowry, not otherwise severed and transferred herein above, are **DISMISSED WITHOUT PREJUDICE**.

11. Any and all pending motions are **DISMISSED WITHOUT PREJUDICE**.

12. This case is **ORDERED CLOSED**.

Signed at Houston, Texas, on this the  7th  day of July, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE